THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONTE MCCLELLON, | CASE NO. C18-0817-JCC |
| Plaintiff, | ORDER |
| v. | |
| OPTIONSHOUSE, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to remand (Dkt. No. 11). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff Donte McClellon ("McClellon") alleges Defendant OptionsHouse is liable for a series of fraudulent transactions totaling $17,475 from his brokerage account in 2017. (Dkt. No. 1-1 at 2–5.) McClellon previously sought relief for the same transactions with the Financial Industry Regulatory Authority ("FINRA"), which dismissed his claims without prejudice. (Dkt. Nos. 1-1 at 5, 2-1 at 2–3.)

On May 17, 2018, McClellon filed this lawsuit in King County Superior Court. (Dkt. No. 1-1 at 2.) On June 5, 2018, E*TRADE Securities LLC ("E*TRADE"), as successor in interest to OptionsHouse, removed the case based on diversity jurisdiction. (Dkt. Nos. 1-2, 2 at 1.) On June

12, 2018, McClellon filed a motion to remand the case to state court (Dkt. No. 11).

## II. DISCUSSION

### A. Legal Standard

A party to a civil action brought in state court may remove that action to federal court if the district court would have had original jurisdiction at the time of both commencement of the action and removal. *See* 28 U.S.C. § 1441(a); 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3723 (4th ed. 2013). Once removed, the case can be remanded to state court for either lack of subject-matter jurisdiction or defects in the removal procedure. *See* 28 U.S.C. § 1447(c). The removing party bears the burden of establishing federal jurisdiction. *Emrich v. Touche Ross & Co*, 846 F.2d 1190, 1195 (9th Cir. 1988). There is a "strong presumption" against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### B. Analysis

McClellon asserts that E*TRADE improperly removed this case because removal was untimely, there is not complete diversity of citizenship, and the amount in controversy requirement is not met. (Dkt. No. 11 at 1–3.) McClellon, a resident of Washington, asserts that E*TRADE is also a resident of Washington because it "regularly conducts business in the state." (*Id*. at 1.) Additionally, McClellon asserts that the amount in controversy requirement is not satisfied because his complaint "does not specify the total amount of damages that [he] seeks." (*Id.* at 2.) McClellon's assertions are unavailing.

Pursuant to 28 U.S.C. section 1446, a notice of removal must be filed within 30 days "after receipt by the defendant, through service or otherwise," of a copy of the complaint. 28 U.S.C. § 1446(b). E*TRADE removed the case 18 days after receiving McClellon's complaint. (*Compare* Dkt. No. 1 at 3, *with* Dkt. No. 11 at 1.) Therefore, E*TRADE's notice of removal was timely.

E*TRADE is a Delaware limited liability company. (Dkt. No. 16 at 1.) A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson*

*v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). E*TRADE's sole member is ETCM Holdings L.L.C ("ETCM"). (Dkt. No. 16 at 1.) ETCM is also a limited liability company, whose sole member is E*TRADE Financial Corporation, a Delaware corporation with its principal place of business in New York. (*Id.*) Thus, there is complete diversity between the parties because McClellon is a citizen of Washington and E*TRADE is a citizen of Delaware and New York. *See* 28 U.S.C. § 1332; *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018).

"Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). In determining the amount in controversy, district courts may consider "facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

In his complaint, McClellon asks that his funds be returned with interest and that he receive treble and punitive damages. (Dkt. No. 1-1 at 5.) Although McClellon's complaint does not state the total damages sought, E*TRADE points out that McClellon previously sought $195,027.15 in arbitration before FINRA for the same transactions. (Dkt. Nos. 15 at 4, 2-1.) The complaint acknowledges that FINRA previously dismissed McClellon's claims. (Dkt. No. 1-1 at 5.) Since McClellon's lawsuit deals with the same transactions as his arbitration claims, the Court finds that E*TRADE has demonstrated by a preponderance of the evidence that the amount in controversy is greater than $75,000.

Therefore, the Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. section 1332.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand (Dkt. No. 11) is DENIED.

1     DATED this 25th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE