THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONTE MCCLELLON,

        Plaintiff,

v.

OPTIONSHOUSE,

        Defendant.

CASE NO. C18-0817-JCC

ORDER

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 18). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I.    BACKGROUND

Plaintiff Donte McClellon ("McClellon") alleges Defendant OptionsHouse ("E*Trade") is liable to him for a series of fraudulent withdrawals from his brokerage account in 2017. (Dkt. No. 1-1 at 2–5.) McClellon previously brought his claims with the Financial Industry Regulatory Authority, which it dismissed without prejudice. (Dkt. No. 1-1 at 5).

On May 17, 2018, McClellon filed this lawsuit in King County Superior Court. (Dkt. No. 1-1 at 2.) On June 5, 2018, E*Trade, as successor in interest to OptionsHouse, removed the case to this Court. (Dkt. Nos. 1-2, 2 at 1.) On June 12, 2018, McClellon filed a motion to remand the case to state court (Dkt. No. 11). The Court denied McClellon's motion to remand (Dkt. No. 19).

E*Trade filed this motion to dismiss McClellon's complaint for failure to state a claim (Dkt. No. 18). McClellon has not responded to the motion.

## II.  DISCUSSION

### A.  Legal Standard for Motion to Dismiss

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). A plaintiff is obligated to provide grounds for her entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

### B.  E*Trade's Motion to Dismiss

E*Trade asks the Court to dismiss McClellon's complaint because it relies on conclusory allegations that are unsupported by facts demonstrating E*Trade is liable for wrongdoing.[2] (Dkt. No. 18 at 2.) McClellon asserts OptionsHouse violated the Washington State Consumer

---

[1] E*Trade additionally argues that McClellon's claims should be scrutinized under Federal Rule of Civil Procedure 9(b)'s heightened pleading standard because his claims allege fraud. (Dkt. No. 18 at 4.) The Court need not apply the Rule 9(b) standard because it finds that McClellon's complaint fails under the general plausibility pleading standard required by Federal Rule of Civil Procedure 8.

[2] The Court may consider McClellon's non-response to E*Trade's motion to dismiss as an admission that the motion has merit. *See* W.D. Wash. Local Civ. R. 7(b)(2).

Protection Act ("WCPA"), violated the Washington State Securities Act ("WSSA"), and committed breach of contract and negligence. (Dkt. No. 1-1 at 2.) In support of these causes of action, McClellon alleges that five unauthorized withdrawals, totaling approximately $17,000, were made from his brokerage account between March and April 2017. (Dkt. No. 1-1 at 4.) McClellon states that the funds in the brokerage account were his, but that he had never conducted any trades or withdrawals from the account. (*Id*. at 3–4.) McClellon alleges that he informed E*Trade of the purported fraudulent activity in his account. (*Id*. at 3.) A representative of E*Trade allegedly told McClellon that "there is no indication that the trades placed in your OptionsHouse account were done in a fraudulent manner. Furthermore, OptionsHouse has no evidence or reports of fraudulent activity taking place in your account." (*Id*.)

### 1. WCPA Claim

McClellon asserts a claim under the WCPA "based upon Defendant's blatant self-dealing and other intentional negligent misconduct in conversion, freezing, pooling, otherwise manipulating Plaintiff's funds without Plaintiff's authorization." (Dkt. No. 1-1 at 2.) To plead a plausible WCPA claim, a plaintiff must allege facts that satisfy the following elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986).

McClellon has not plausibly alleged facts that demonstrate E*Trade committed an unfair or deceptive act or practice. An unfair or deceptive act or practice can be predicated on a *per se* statutory violation or an act or practice that has the capacity to deceive a substantial portion of the public. *Hangman Ridge Training Stables*, 719 P.2d at 535–36. McClellon does not allege that E*Trade committed any statutory violations, nor assert facts that show the alleged withdrawals had the capacity to deceive a substantial portion of the public. McClellon merely asserts that he did not authorize a series of withdrawals from his account. (*See* Dkt. No. 1-2 at 3.) Furthermore, McClellon fails to assert facts that demonstrate E*Trade was involved with or responsible for the

unauthorized withdrawals. (*Id.*) His allegations against E*Trade represent "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Therefore, the Court DISMISSES McClellon's WCPA without prejudice and with leave to amend.

### 2. WSSA Claim

The WSSA provides a private cause of action against a person who offers or sells a security in violation of various state securities laws. *See* Wash. Rev. Code. § 21.20.430(1). At the minimum, a WSSA claim must be premised on the unlawful sale or offer of a security. *See id.* at § 21.20.430(1)–(3); *see also Hoffer v. State*, 755 P.2d 781, 789 (Wash. 1988).

McClellon has not made any allegations regarding the offer or sale of securities. McClellon states that he never made any trades from his brokerage account. (Dkt. No. 1-1 at 3.) Indeed, McClellon's allegations have to do with unauthorized withdrawal of funds from the account. (*Id.*) Because McClellon has failed to allege any facts regarding the sell or offer of a security, his WSSA claim is DISMISSED with prejudice.[3]

### 3. Breach of Contract Claim

To state a claim for breach of contract, Plaintiff must allege that a contract imposed a duty, the duty was breached, and the breach proximately caused Plaintiff harm. *Nw. Mfrs. v. Dep't of Labor*, 899 P.2d 6, 7 (Wash. 1995). Even assuming the parties had a contract regarding the brokerage account, McClellon has failed to allege how E*Trade breached a duty under the contract. While McClellon alleges that unauthorized withdrawals were made from his account, he does not explain how the withdrawals caused E*Trade to breach the parties' contract. Therefore, McClellon's breach of contract claim is DISMISSED without prejudice and with leave to amend.

### 4. Negligence Claim

The required elements for a negligence claim are: (1) duty; (2) breach of that duty; (3)

---

[3] Dismissal with prejudice is appropriate where, as here, no set of facts could cure the deficiencies in Plaintiff's claims. *See Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007).

causation; and (4) damages. *Schooley v. Pinch's Deli Mkt., Inc.*, 912 P.2d 1044, 1046 (Wash. Ct. App. 1996). Even if the Court assumes that E*Trade owed McClellon a duty to protect his funds, the complaint does not plausibly allege how E*Trade breached that duty. Nor has McClellon asserted facts that demonstrate E*Trade's actions or inactions caused him harm. Therefore, McClellon's negligence claim is DISMISSED without prejudice and with leave to amend.

## III. CONCLUSION

For those reasons, Defendant's motion to DISMISS (Dkt. No. 18) is GRANTED. Plaintiff's claim under the WSSA is DISMISSED with prejudice and without leave to amend. Plaintiff's claims under the WCPA, breach of contract, and negligence are DISMISSED without prejudice and with leave to amend. If Plaintiff chooses to file an amended complaint, he must do so within 21 days of this order being issued. In his amended complaint, Plaintiff must plausibly allege facts that demonstrate Defendant is liable to him for the alleged unauthorized withdrawals from his account. The Clerk is DIRECTED to send a copy of this order to Plaintiff.

DATED this 14th day of August 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE