THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONTE McCLELLON,

        Plaintiff,

     v.

OPTIONSHOUSE,

        Defendant.

CASE NO. C18-0817-JCC

ORDER

This matter comes before the Court on Plaintiff's motion to vacate judgment and reschedule status conference (Dkt. No. 30). Defendant opposes Plaintiff's motion. (Dkt. No. 31.)

On May 17, 2018, Plaintiff filed this lawsuit in King County Superior Court. (Dkt. No. 1-1 at 2.) On June 5, 2018, Defendant removed the case to this Court. (Dkt. Nos. 1-2, 2 at 1.) On June 12, 2018, Plaintiff filed a motion to remand the case to state court, which the Court denied. (Dkt. Nos. 11, 19.) On July 19, 2018, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim. (Dkt. No. 18). On August 14, 2018, the Court granted Defendant's motion to dismiss, and dismissed Plaintiff's complaint without prejudice and with leave to amend. (Dkt. No. 21.)

On September 4, 2018, Plaintiff filed an amended complaint (Dkt. No. 22). On October 11, 2018, Defendant filed a motion to dismiss the amended complaint. (Dkt. No. 23.) Plaintiff never responded to Defendant's motion to dismiss. A status conference for this case was

scheduled on October 16, 2018. (Dkt. No. 7). Plaintiff failed to appear, and the Court issued an order to show cause why the case should not be dismissed for failure to prosecute. (Dkt. No. 24.) Plaintiff failed to respond to the Court's order to show cause. On November 2, 2018, the Court dismissed Plaintiff's amended complaint without prejudice for failure to prosecute and entered judgment. (Dkt. Nos. 28, 29.)

On January 22, 2019, Plaintiff filed a one-page letter asking the Court to vacate its judgment dismissing his amended complaint. (Dkt. No. 30.) Plaintiff states that "he wasn't in the State of Washington on October 16th 2018." (*Id*.) Plaintiff also states that he has been "battling a chronic disease for over a year and it had intensified since Mid-October 2018 leaving [him] physically incapable to respond in a timely matter to this case and many other cases." (*Id*.) Plaintiff asks that "this matter be allowed to proceed with a rescheduled status conference." (*Id*.)

In the Ninth Circuit, *pro se* parties are held to less stringent pleading standards than attorneys. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Thus, the Court construes Plaintiff's letter (Dkt. No. 30) as a motion to obtain relief from the Court's judgment dismissing his amended complaint. Pursuant to Federal Rule of Civil Procedure 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: . . . mistake, inadvertence, surprise, or excusable neglect . . . [or] any reason that justifies relief." Fed. R. Civ. P. 60(b)(1). To determine whether a party acted with excusable neglect, district courts examine: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 391 (1993)).

In this case, Plaintiff has not demonstrated excusable neglect. The Court dismissed Plaintiff's amended complaint without prejudice after he failed to respond to an order to show cause regarding his failure to appear at a status conference. (*See* Dkt. No. 28.) The Court waited

over two weeks before dismissing Plaintiff's complaint for lack of prosecution—longer than the 10 days specified in its order to show cause. (*See* Dkt. Nos. 24, 26.) While Plaintiff states that he was out of Washington during the status conference, he does not explain why he failed to reschedule the hearing or respond to the Court's order to show cause. (*See* Dkt. No. 30.) Plaintiff's conclusory statement regarding his physical condition does not justify his three-month delay in responding to the Court's order to show cause. Finally, Plaintiff never responded to Defendant's motion to dismiss the amended complaint. While Plaintiff does not appear to have brought this motion in bad faith, his inaction does not amount to excusable neglect under Rule 60.

Based on the length of delay and reason for that delay, the Court concludes that Plaintiff's failure to respond to the Court's order to show cause does not represent excusable neglect. *See* Fed. R. Civ. P. 60(b). Nor does the Court believe there is some other reason that justifies vacating its judgment and reinstating Plaintiff's amend complaint. *Id*. Plaintiff is not precluded from pursuing his claims, but he must re-file his complaint. Therefore, Plaintiff's motion to vacate the Court's judgment (Dkt. No. 30) is DENIED.

DATED this 22nd day of February 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE