THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONTE McCLELLON, | CASE NO. C18-0817-JCC |
| Plaintiff, | ORDER |
| v. | |
| OPTIONSHOUSE, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to vacate order pursuant to Federal Rule of Civil Procedure 60(b), to reopen the case, and for recusal (Dkt. No. 46).[1] Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

On November 2, 2018, the Court dismissed Plaintiff's claims without prejudice, and entered judgment dismissing Plaintiff's complaint. (Dkt. Nos. 28, 29.) On January 22, 2019, Plaintiff moved to vacate the judgment and for leave to amend his complaint, which the Court denied. (Dkt. Nos. 30, 32.) Plaintiff filed a motion for reconsideration, which the Court also denied. (Dkt. Nos. 33, 35.)

---

[1] Plaintiff does not offer substantive argument in support of his request that his case be reopened. (*See generally* Dkt. No. 46.)

ORDER
C18-0817-JCC
PAGE - 1

Plaintiff appealed the Court's orders dismissing his complaint, his motion to vacate, and his motion for reconsideration, along with the Court's judgment dismissing his complaint. (Dkt. No. 39.) Plaintiff moved for leave to appeal *in forma pauperis* ("IFP"). (Dkt. No. 38.) The report and recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge, recommended that Plaintiff's request be denied, finding that Plaintiff's appeal was not taken in good faith. (*See* Dkt. No. 42.) Objections to the R&R were due by April 26, 2019. (*Id*.) Plaintiff's objections were filed with the Court on April 29, 2019 although they were postmarked on April 26. (Dkt. No. 49.) On April 30, 2019, the Court adopted the R&R and denied Plaintiff's request to appeal IFP. (Dkt. No. 43.) Plaintiff now moves to vacate the Court's order adopting the R&R, to reopen his case, and for recusal. (Dkt. No. 46.)

## II. DISCUSSION

### A. Motion to Vacate

Plaintiff contends that he inadvertently filed his objections to the R&R after the deadline had passed, as he was not in Washington between April 12 and April 30, relied on a family member to send his objections to the R&R, and in his experience court filings are treated as timely when postmarked by the filing deadline under the United States tax code. (*See id*. at 1.) A court may relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Court finds that Plaintiff's alleged inadvertence in failing to timely file his objections to the R&R does not merit vacation of the Court's order adopting the R&R pursuant to Federal Rule of Civil Procedure 60(b)(1).

Plaintiff also argues that vacation of the Court's order is merited under Federal Rule of Civil Procedure 60(b)(3). (Dkt. No. 46 at 2–4.) A court may relieve a party from an order for "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Plaintiff alleges that he "believes that the Honorable Brian A. Tsuhida, Chief Magistrate Judge, is doing something improper" and that "it is the belief of the Pro Se Plaintiff that the Honorable Brian A. Tsuchida, Chief U.S. Magistrate Judge **in connection with** Defendant Capital One

Bank's[2] counsels' non-motion response and declaration . . . is **misrepresenting** Pro Se Plaintiff's IFP filing(s) and Complaint(s) in an erroneous and exaggerated matter [sic] and is not presenting it in a proper context as both were filed." (Dkt. No. 46 at 2–3) (emphasis in original). Plaintiff's speculative allegations of fraud or misrepresentation by Judge Tsuchida and Defendant are insufficient to merit relief under Federal Rule of Civil Procedure 60(b)(3).

The remainder of Plaintiff's arguments challenge Judge Tsuchida's evaluation of his IFP application. (*See* Dkt. No. 46 at 2–4.) The Court construes these arguments as a motion for reconsideration. Motions for reconsideration are generally disfavored. W.D. Wash. Local Civ. R. 7(h)(1). Reconsideration is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Premier Harvest LLC v. AXIS Surplus Insurance Co.*, No. C17-0784-JCC, Dkt. No. 61 at 1 (W.D. Wash. 2017) (quoting *U.S. v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)). Plaintiff argues that Judge Tsuchida erred in evaluating Plaintiff's present financial status and his responses on the IFP application. (*See* Dkt. No. 46 at 2–3.) But Plaintiff has not identified a manifest error in the R&R, or presented new facts or legal authority meriting reconsideration. Moreover, Judge Tsuchida's primary conclusion was that Plaintiff's appeal was not taken in good faith—not that Plaintiff failed to allege indigency. (*See* Dkt. No. 42.)

In sum, Plaintiff has not established a ground meriting vacation or reconsideration of the Court's order adopting the R&R and denying his request to proceed IFP on appeal, and his motion is DENIED on this ground.

**B.     Motion for Recusal**

---

[2] Capital One Bank is not a named defendant in this case, but is referred to throughout Plaintiff's motion. (*See generally* Dkt. No. 46.) Plaintiff filed a substantively identical motion in another case he has pending before the Court in which Capital One Bank is a party. *See McClellon v. Capital One Bank, N.A.*, Case No. C18-0909-JCC, Dkt. No. 41 (W.D. Wash. 2018).

Plaintiff asks the Court to recuse itself from the case pursuant to 28 U.S.C. § 455(a). (Dkt. No. 46 at 4–5.) "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712 (9th Cir. 1993) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). Plaintiff asserts that recusal is warranted because the Court has made several adverse rulings against him. However, that is not a valid basis for recusal. *See Taylor*, 993 F.2d at 712. Therefore, Plaintiff's motion is DENIED on this ground. The Clerk is DIRECTED to refer Plaintiff's motion for recusal to Chief United States District Judge Ricardo S. Martinez for further consideration. *See* W.D. Wash. Local Civ. R. 3(g).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to vacate order pursuant to Federal Rule of Civil Procedure 60(b), to reopen the case, and for recusal (Dkt. No. 46) is DENIED.

DATED this 6th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE